JUDGE CROTTY

**13 CV 7324**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TIFFANY FORBES,

                                              Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE VITO
RAGOLIA SHIELD No. 3358, NEW YORK COUNTY
ASSISTANT DISTRICT ATTORNEY ALEX SPIRO, and
JOHN DOE ##1-2,

                                              Defendants.

------------------------------------------------------------------- x

COMPLAINT AND JURY DEMAND

ECF CASE

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an October 15, 2012 incident in which Officers of the New York City Police Department ("NYPD"), and an Assistant District Attorney in the New York County District Attorney's Office acting under color of state law, intentionally and willfully subjected Plaintiff to, among other things, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Detective Ragolia and any John Doe police officers were at all relevant times employees of the NYPD, and are sued in their individual and official capacities.

10. ADA Alex Spiro at all relevant times was an Assistant District Attorney for the New York County District Attorney's office and is sued in his individual and official capacity.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On the morning of October 15, 2012, Plaintiff was sitting in the public area of a criminal courtroom in New York County. She expected to be called as a witness by the defense

in the criminal trial of Theodore Paris.

13. While seated in the courtroom, Plaintiff was approached by two men, apparently plain clothes police officers, escorted from the courtroom and placed under arrest.

14. She was taken to the District Attorney's office where she sat for a number of hours handcuffed to a chair. Upon information and belief, her arrest was arranged by the New York County District Attorney's Office, specifically Defendant ADA Spiro.

15. She was charged with Tampering with a Witness in the Third Degree, and Intimidating a Witness in the Third Degree, both felonies. The Arresting Officer, Defendant Detective Ragolia, alleged in his criminal complaint that a person "known to the DA's Office" had complained that, in sum and substance, was threatened by Plaintiff not to testify against Theodore Paris.

16. Plaintiff appeared in court on October 19, 2012. Bail was set at the impossible sum for Plaintiff of $100,000. She was remanded to jail and was ordered to be produced before the Grand Jury on October 25, 2012.

17. On October 25, 2013, she was produced but the District Attorney's office declined to present the case to the Grand Jury. A judge released her from jail later that day and the case was adjourned until December 19, 2012. The case was dismissed on December 19, 2012 pursuant to the motion by the District Attorney's office in the "interest of justice".

18. All actions taken by Defendant ADA Spiro in connection with Plaintiff were taken in the preliminary investigatory phase prior to any probable cause being established against her. Indeed, probable cause was never established against Plaintiff. The Defendant ADA's actions were not taken in preparing for the initiation of judicial proceeding or trial.

19. At all times during the events described above, the Defendants were engaged in a

joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

20.     During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

21.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a.     Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.     Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.     Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.     Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e.     Physical pain and suffering;

    f.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; deprivation of familial relationship; and

    g.     Loss of liberty;

    h.     Attorney's and court fees.

## FIRST CAUSE OF ACTION
## (42 USC § 1983)

22. The above paragraphs are here incorporated by reference.

23. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to Plaintiff under 42 USC § 1983.

24. By falsely arresting and imprisoning Plaintiff, and maliciously prosecuting her, Defendants' conduct deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived Plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

25. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
## (RESPONDEAT SUPERIOR)

26. The preceding paragraphs are here incorporated by reference.

27. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the Defendant City of New York's interest.

28. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         October 10, 2013

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY 10007

     Detective Ragolia

     ADA Spiro

Yours, etc.,

Leo Glickman
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com